UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Rhett Linville | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO.: |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| NCO Financial Systems, Inc., | ) | UNLAWFUL DEBT COLLECTION |
| | ) | PRACTICES |
| DEFENDANT | ) | |

**COMPLAINT**

## I.  INTRODUCTION

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## III. PARTIES

3. Plaintiff is a natural person residing in the County of Franklin, State of Missouri.

4. Defendant NCO Financial Systems, Inc. (hereinafter referred to as "NCO") is a Corporation organized pursuant to the laws of the State of Pennsylvania, doing business in the State of Missouri. Defendant's registered agent is The Corporation Company, 120 S. Central Ave., Clayton, MO 63105.

5. Defendant is engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone. Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their employment with Defendant, and with its actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

7. Defendant left phone messages on Plaintiff's cellular phone line during July in an effort to collect on a debt which was allegedly originally owed to another entity not a party to this litigation. The alleged obligation is a consumer debt as defined in 15 U.S.C. § 1692a(5).

8. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

9. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

10. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

12. Defendant's actions violated the FDCPA. The violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. § 1692e(11) when it left messages on Plaintiff's residential phone line which failed to indicate that the communication was from a debt collector;

    (b) Defendant violated 15 U.S.C. § 1692d(6) when it left messages on Plaintiff's residential phone line which failed to provide meaningful disclosure of Defendant's identity;

    (c) Defendant's actions were unfair and unconscionable means to collect the debt in violation of 15 U.S.C. § 1692f.

13. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. For such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

14. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

15. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

16. Defendant willfully or knowingly violated the TCPA.

3

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Actual Damages; and

      b.    Statutory Damages; and

      c.    Such other or further relief as the Court deems proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Rhett Linville
**Rhett Linville**

Respectfully submitted,

/s/ Steven R. White
Purschke, White, Robinson & Becker LLC
Steven R. White, #45595, #74829
316 E. Locust
Union, MO 63084
white@purschkewhite.com
(636)583-5760 Fax: (866)804-1569
Attorney for Plaintiff